ERROR to the common pleas of *Northumberland* county.

Hugh Bellas against Christian Houtz. Ejectment. This writ was issued in Northumberland county, and was returned served by the sheriff of Union county, who had been deputed for that purpose by the sheriff of Northumberland.

The court below set aside the service of the writ.

*Bellas*, for plaintiff in error, relied upon the 88th section of the act of 1836, for the commencement of real actions.

*Donnel* and *Greenough*, for defendant in error.

PER CURIAM.—The question is, whether an action of ejectment can be commenced by serving the writ in a county within which no part of the land lies? Why should it? If there be a tenant in possession, the action may be brought against him; and if there is not, the claimant may enter and entitle himself, in the coming contest, to the advantages of a defendant's position. So much for the reason of the matter; and what is the law? The eighty-eighth section of the act of 1836, which provides for the commencement of real actions and ejectments, enacts that, when it may be lawful to cause service of the writ to be made on a defendant out of the county, the sheriff of the county in which the party may be found, shall ex-officio be the deputy of the sheriff of the proper county. Now, to what does this refer? Evidently to the eightieth section of the same act which authorises a claimant of land lying in two counties to sue by ejectment for the whole, in either of them at his election; for in such case, a writ issued in the county may require to be served in the other. Here all the land lay in one county, and the action was erroneously commenced.

Judgment affirmed.